Argued and submitted February 17, affirmed May 11, 2005

Tom CUTSFORTH,
Ed Argetsinger, Becky Argetsinger, James Cherry,
Max Dilley, Teresa Dilley, Jeff Dumont, Doug Huff,
Allen Nelson, Jodi Nelson, Jaimy Patton, Jack Beakey,
Toni Beakey, Jack Doty, Larry Engom, Darla Engom,
James Kief, Jayne Kief, Stephen R. Newman, Al Price,
Rocky Sitton, Yvonne Sitton, Bill Buskirk, Mike Decker,
Wendy Decker, Wes Dumont, Bev Dumont, Fred Ficq,
Jerry McIntosh, Sue McIntosh, Paul Parmenter,
Allison Parmenter, Tom Sanderson, Hope Sanderson,
Doris Scharpf, and Kirk Tibbets,
*Petitioners,*

*v.*

CITY OF ALBANY,
*Respondent.*

2004-141; A126916

112 P3d 395

Edward F. Schultz argued the cause for petitioners. With
him on the brief was Weatherford, Thompson, Cowgill, Black
& Schultz, P.C.

James V. B. Delapoer argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Petitioners seek review of a Land Use Board of Appeals (LUBA) decision dismissing their challenge to a City of Albany resolution referring an annexation proposal to the voters. LUBA concluded that petitioners filed an untimely appeal of the resolution. We agree, although for slightly different reasons, and affirm.

We take the following facts from LUBA's opinion:

"The subject area consists of 97 parcels totaling approximately 310 acres, located within the city urban growth boundary. The subject area is located on a bend of the Calapooia River, and is bordered by the river on the north, west and south, and the existing city limits on the east. On April 28, 2004, the city council authorized city staff to begin proceedings to annex the subject area pursuant to ORS 222.750, which allows annexation of lands surrounded by a city or by a city and a 'stream,' without consent of the owners of property within the annexed territory.

"Ordinance 5366 sets forth the procedures and criteria for annexation. Under Section 2 of that ordinance, the city council conducts a public hearing on the proposed annexation, and determines whether to approve it based on 'Eligibility' and 'Timeliness' criteria. Pursuant to section 3 of that ordinance, if the city council approves the annexation, it adopts a resolution that places the proposed annexation before the city voters, a vote required by city charter. If the city voters approve the annexation, pursuant to section 5 of Ordinance 5366 the city shall by ordinance 'set the final boundaries of the area to be annexed' and 'proclaim the annexation in accordance with state law.'

"The city scheduled a public hearing on the proposed annexation for July 28, 2004, and although not required to by Ordinance 5366, mailed or attempted to mail individual notice of the hearing to all of the property owners within the subject area, including the petitioners in this appeal. The notices were individually addressed to each landowner within the affected area, but were otherwise identical. City staff inadvertently placed some of the individually

addressed notices into envelopes that were addressed to other landowners, so that some landowners received notices addressed to others.

"Many of the petitioners in this appeal subsequently appeared and testified at the July 28, 2004 hearing. At the conclusion of the public testimony, the city council closed the record and voted 5-0 to adopt a resolution, Resolution 5007, that refers the proposed annexation to the city voters. The mayor signed Resolution 5007 on July 28, 2004, the same date as the hearing. The city did not mail individual notices of the decision to any participants at the hearing, including those petitioners who appeared at the hearing.

"Thirty five days later, on September 1, 2004, petitioners filed with LUBA a notice of intent to appeal Resolution 5007."

*Cutsforth v. City of Albany*, 48 Or LUBA 304, 306-09 (2004) (footnotes omitted).

The city moved to dismiss the appeal of Resolution 5007 on timeliness grounds. The city argued that, under ORS 197.830(9), the deadline for filing was 21 days from the date the challenged decision became final; thus, the city concluded, the petitioners had filed two weeks too late. In the alternative, the city argued that the appeal must be dismissed because Resolution 5007 is not a land use decision that is subject to LUBA review. Petitioners responded that ORS 197.830(3) provides an alternative filing deadline, namely, within 21 days of actual notice or the date that a person should have known of the decision. According to petitioners, because they did not receive written notice of the city's decision to adopt Resolution 5007, their appeal was timely.

LUBA agreed with the city that the appeal was not timely. LUBA concluded that petitioners cannot avail themselves of the alternative deadline offered by ORS 197.830(3) because the city's decision to adopt Resolution 5007 was a legislative decision to which that statute does not apply. As a result, LUBA concluded, the 21-day deadline imposed by ORS 197.830(9) applies. As to petitioners' failure to meet that deadline, LUBA commented that,

"[i]f there is some reason why the petitioners present at [the July 28, 2004] hearing did not or could not know that the

city had adopted Resolution 5007, signed and effective on July 28, 2004, no party points it out to us. As to those petitioners who appeared at the July 28, 2004 hearing, petitioners do not explain why they waited 35 days to file their appeal, or allege that the delay was caused by the city's failure to provide individual written notice of the decision."

*Cutsforth*, 48 Or LUBA at 319-20.

On review, petitioners argue that LUBA erred in characterizing the city decision to adopt Resolution 5007 as legislative and in concluding that ORS 197.830(3) does not apply. We express no opinion on that issue, however. Even if petitioners are correct that that statute is applicable, they do not explain—and we do not understand—how their appeal was timely.

ORS 197.830(3) provides:

"If a local government makes a land use decision without providing a hearing, * * * or the local government makes a land use decision that is different from the proposal described in the notice of hearing to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by the decision may appeal the decision to the board under this section:

"(a)  Within 21 days of actual notice where notice is required; or

"(b)  Within 21 days of the date a person knew or should have known of the decision where no notice is required."

As LUBA observed in its opinion, nothing in the record or the parties' briefing explains why those petitioners who actually attended the July 28, 2004, hearing at which the city made the challenged decision lacked notice of it and why they waited more than 21 days to appeal it. Without some explanation as to why they waited until 35 days after the city's decision, petitioners offer no basis on which it reasonably could be concluded that their appeal was timely. Similarly, with respect to those petitioners who did not attend the July 28, 2004, hearing, there is no evidence in the record that specifies when they learned of the city's decision and, therefore, no means to determine whether their filing

was timely, even under ORS 197.830(3)(b). We therefore conclude that LUBA correctly dismissed the appeal for having been untimely filed.

Affirmed.